IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HERMAN LEE HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-655-P |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Herman Lee Hall, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as an unauthorized successive petition in part and as time barred in part.

**I. BACKGROUND**

Petitioner is serving a 15-year sentence for his 2011 conviction in Tarrant County, Texas, Case No. 1175155D, for possession of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams. Pet. 2, ECF No. 1. The history relevant to this

---

[1] Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

case is set forth in the district judge's memorandum opinion and order in No. 4:13-CV-469-A. Petitioner has filed two prior federal habeas-corpus petitions under 28 U.S.C. § 2254 in this Court challenging the same state conviction. *See* Pet., Hall v. Stephens, No. 4:13-CV-469-A, ECF No. 1 (denied on merits); Pet., Hall v. Davis, No. 4:20-CV-138-A, ECF No. 1 (voluntarily dismissed). Petitioner has filed this third petition in which he raises the following grounds for relief:

(1) denial of fair process;
(2) ineffective assistance of trial counsel;
(3) denial of appeal counsel; and
(4) improper denial of time credit toward parole.

Pet. 6-7, ECF No. 1. Respondent asserts that the petition should be dismissed without prejudice as a second or successive petition, dismissed with prejudice as untimely in its entirety, or dismissed with prejudice as to one or more of the claims presented because the claims are defaulted. Resp't's Preliminary Answer 1, ECF No. 11.

**II. DISCUSSION**

**A. Successive Petition**

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would

have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Additionally, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

Petitioner's first three grounds largely relate to the guilty-plea proceedings and the post-trial appeal process and were or could have been raised in his first federal petition filed on June 5, 2013. Pet. at 10, *Hall v. Stephens*, No. 4:13-CV-469-A, ECF No. 1. To the extent Petitioner claims under his first ground that he was denied a "fair process" in his state habeas proceeding(s) because his application(s) were denied "for procedural reasons," he fails to state a claim for federal habeas relief.[2] *See Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) (providing "infirmities in state habeas proceedings do not constitute grounds for relief in federal court"). Nor can Petitioner rely on the *Martinez v. Ryan,* 566 U.S. 1 (2012), line of cases to circumvent the successive-petition bar in an effort to obtain review of his claims. Pet. 9, 11-14, ECF No. 1. That line of cases recognized an exception to the procedural default of an ineffective-assistance-of-trial-counsel claim "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

---

[2]Petitioner's last two state habeas applications, raising one or more of the claims presented herein, were dismissed as subsequent applications under Texas Rule of Criminal Procedure 11.07, § 4. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West, Westlaw through 2019 Leg. Sess.).

3

proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 566 U.S. at 17. However, *Martinez* did not announce a new rule of constitutional law and has not been made retroactive to cases on collateral review within the meaning of § 2244. *In re Paredes,* 587 Fed. App'x 805, 813-14, 2014 WL 5420533, at *6 (5th Cir.), *cert. denied,* 574 U.S. 969 (2014). Moreover, that line of cases addresses exceptions to a state-imposed procedural default. The bar to review at issue in this case arises from the prohibition against filing second or successive federal habeas petitions under § 2244(b) and, thus, is inapplicable. *See Henriquez v. Davis*, No. 4:19-CV-047-O, 2019 WL 9516317, at *1 (N.D. Tex. Jan. 16, 2019).

In summary, it is apparent that this is a successive petition as to grounds one, two, and three and Petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Therefore, the petition should be dismissed without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals as to whether Petitioner should be allowed to file the petition in the district court.

**B. Parole Eligibility**

Under his fourth ground, Petitioner claims that, in violation of the ex post facto clause, TDCJ improperly denied him time credit toward parole and, instead, "retroactively applied law [by ] us[ing] old agg cases to treat new non[]-agg cases agg thus making sentence more punishable than what was agreed." Pet. 7, ECF No. 1. Respondent asserts that Petitioner

4

became eligible for parole on June 25, 2011. Resp't's Resp. 8 & Ex. A, ECF No. 11-1.

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Unclear as to whether a criminal defendant can be parole eligible for an offense before he is convicted and sentenced for that offense, the claim is nevertheless untimely. Under subsection (D), applicable in this instance, the limitations period commenced on the date Petitioner could have discovered the factual predicate of his claim through due diligence.

A prisoner's eligibility for parole is determined by Texas Government Code § 508.145. Under the statute, subject to certain exceptions, Texas inmates are "eligible for

release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." TEX. GOV'T CODE ANN. § 508.145(f) (West, Westlaw through 2019 Leg. Sess.). Thus, Petitioner was eligible for parole after his flat time served and good conduct time equaled one-fourth of his 15-year sentence. Petitioner was sentenced on October 25, 2011. Accordingly, the limitations period commenced roughly in January 2015, even without consideration of good conduct time, after Petitioner had served flat time equal to one-fourth of his sentence. Therefore, he could have discovered his parole eligibility status through the exercise of due diligence in January 2015, if not before. Accordingly, Petitioner had until January 2016 within which to file a timely federal petition challenging his parole eligibility date, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in 2244(d)(2) and/or as a matter of equity. Petitioner's relevant state habeas applications filed in 2019 after limitations had already expired, do not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner does not assert, and there is no evidence in the

record, that he was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual-innocence exception. Instead, he refers to mental impairment, his pro se status, and *Martinez*. Pet. 9, ECF No. 1. However, indigency and Petitioner's pro se status, both common problems for inmates seeking post-conviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5 th Cir. 1999). And, although mental impairment may warrant equitable tolling, a petitioner must (1) make a threshold showing of incompetence and (2) show that this incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens,* 541 Fed. App'x. 499, 2013 WL 5615736, at *5 (5th Cir. Oct.15, 2013), *cert. denied,* 571 U.S. 1239 (2014). Petitioner makes no such showing. Nor does the *Martinez* line of cases, *supra,* apply to the federal statute of limitations or any potential tolling of that period. *See Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015); *Hackney v. Stephens,* No. 4:14-CV-074-O, 2014 Wl 4547816, at *2 (N.D. Tex. Sept. 15, 2014) (citing cases).

In summary, absent any applicable tolling, Petitioner's petition was due on or before January 2016 as to ground four. His petition filed on June 20, 2020, is therefore untimely.

For the reasons discussed herein, Petitioner's § 2254 petition for a writ of habeas corpus is **DISMISSED** without prejudice as an unauthorized successive petition as to grounds one, two, and three and **DISMISSED** with prejudice as time barred as to ground

four.

    **SO ORDERED** on this 20th day of October, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE